IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| NICOLE P. ERAMO | ) |
| | ) |
| *Plaintiff,* | ) Case No. 1:15-mc-00035 |
| | ) GBL-IDD |
| v. | ) |
| ROLLING STONE LLC, *et al.* | ) |
| | ) |
| *Defendants.* | ) |

## NON-PARTY RESPONDENT'S MOTION TO TRANSFER
## PLAINTIFF'S MOTION TO COMPEL PRODUCTION

### INTRODUCTION

Respondent requests that the Court, in accordance with Federal Rule of Civil Procedure 45(f), transfer this matter to the United States District Court for the Western District of Virginia, the court which issued the non-party subpoena in question, and which presides over the underlying case. Such a request is granted as a matter of course upon the consent of the responding party, and Plaintiff has no grounds on which to oppose such transfer.

To be clear, Respondent opposes Plaintiff's motion to compel compliance with the subpoena. Plaintiff Nicole Eramo, an Associate Dean at the University of Virginia, seeks unwarranted and intrusive discovery from Respondent, a non-party sexual assault victim, and Plaintiff's motion is legally defective and factually baseless. But the court that should adjudicate that motion is the one presiding over Plaintiff's lawsuit, as it is best positioned to address the important and complex issues raised by Plaintiff's motion.

As more fully explained below, the Court should grant the instant motion to transfer.

1

## FACTUAL BACKGROUND

On May 12, 2015, Plaintiff Nicole Eramo, an associate dean of students at the University of Virginia, filed a lawsuit, in Virginia state court in Charlottesville VA, against Rolling Stone LLC, a Rolling Stone Reporter named Sabrina Rubin Erdely, and Wenner Media LLC. Respondent is not a party to that case. On May 29, 2015, Defendants removed the suit to the United States District Court for the Western District of Virginia, where it remains pending. *See generally Eramo v. Rolling Stone LLC et al*, 3:15-cv-00023-GEC (the "Main Case"). Based on the current scheduling order, discovery in the Main Case does not conclude until March 30, 2015. *See Main Case*, Dkt. 30. On November 19, 2015, the presiding court issued an Order addressing ongoing third party discovery. *See Main Case*, Dkt. 41.

Notwithstanding that Respondent is not a party to Plaintiffs' lawsuit, Plaintiff served a subpoena demanding wide-ranging, burdensome and intrusive discovery from Respondent. In response, counsel for Respondent served detailed objections raising numerous independent grounds under Federal and state law barring the production sought. Plaintiff filed the motion to compel on Friday, November 13, 2015. The motion was initially set for hearing before this Court on November 20, 2015, but the notice has been re-filed with a hearing date of December 4, 2015.

Plaintiff is aware of Respondent's request for transfer and has not consented.

## LEGAL AUTHORITY AND ARGUMENT

Respondent hereby requests the transfer of the motion to compel to the U.S. District Court for the Western District of Virginia, which issued the subpoena. Pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, this consent alone constitutes sufficient grounds for the Court to transfer the motion. There is no basis for Plaintiff to oppose transfer. Rule 45(f) provides "[w]hen the court where compliance [with a subpoena] is required did not issue the

subpoena, it may transfer a motion ... to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f) (emphasis added). The advisory notes to Rule 45(f) also indicate that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45(f) adv. cmte.'s notes.

When a served party indicates consent and desire for the adjudication of the subpoena to occur in the court where the underlying litigation is pending, that ends the inquiry. *See San Juan Cable LLC v. DISH Network LLC*, No. 14-261, 2015 WL 500631 (D. Colo. Jan. 23, 2015) (granting the request to transfer of party served with subpoena because the party "not only consented but has affirmatively requested transfer" to the issuing court under Rule 45(f), and so the compliance court "need not consider whether the case presents 'exceptional circumstances'"). In fact, courts routinely grant motions to transfer, even when they are made *over the objection* of the served party, let alone when the responding party requests it. *See, e.g., In re: UBS Financial Services, Inc. of Puerto Rico Securities Litigation*, No. 15-191, 2015 WL 4148857, at \*2 (D.D.C. July 9, 2015); *Federal Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 43-44 (D.D.C. 2015); *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 12 (D.D.C. 2014); *Judicial Watch, Inc. v. Valle Del Sol., Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *Chem-Aqua v. Nalco. Co.*, No. 14-71, 2014 WL 2645999, at \*3-4 (N.D. Tex. June 13, 2014). Here Respondent expressly requests transfer, which is sufficient under Rule 45(f) to grant this motion.

Even if the Court were inclined to look beyond the consent of the responding party – which it need not do – there is ample justification to transfer this matter back to the Western District. A court in the compliance district should examine whether the forum court is "in a better position to rule on the ... motion ... due to her familiarity with the full scope of the issues

involved as well as any implications the resolution of the motion will have on the underlying litigation." *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 47 (D.D.C. 2014) (transferring motion to quash subpoena back to court of pending litigation under Rule 45(f)). The issues involved in the discovery from various persons and entities here, including Respondent, are complex and overlapping, and the proper place for their resolution is the court already familiar with all aspects of the case.

## CONCLUSION

While a notice of hearing accompanies this motion, as required by the Local Rules, Respondent believes the self-evident relief provided by Rule 7(f) warrants resolution of this motion without argument. For the reasons stated herein, Respondent respectfully requests that this honorable Court transfer the pending motion to compel to be adjudicated in the case pending before Judge Conrad in the Western District of Virginia.

Dated: November 20, 2015    Respectfully submitted,

*/s/ Billy B. Ruhling*
Billy B. Ruhling, II (VA Bar No. 45822)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, Virginia 22314
Tel: 703-684-4333
Email: bruhling@dimuro.com

Palma E. Pustilnik (VA Bar No. 73337)
CENTRAL VIRGINIA LEGAL AID
SOCIETY
1000 Preston Avenue, Suite B
Charlottesville, VA 22903
Tel: (434) 327-1443
Email: palma@cvlas.org

Rebecca R. Anzidei (VA Bar No. 46346)
STEIN MITCHELL CIPOLLONE BEATO
 & MISSNER LLP
1100 Connecticut Ave., N.W., Ste. 1100

4

Washington, D.C. 20036
Tel: 202-737-7777
Email: ranzidei@steinmitchell.com
*COUNSEL FOR RESPONDENT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Respondent's Motion for Transfer was served on the below counsel on November 20, 2015, via ECF and email.

Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
*COUNSEL FOR PLAINTIFF NICOLE ERAMO*

/s/ *Billy B. Ruhling*
Billy B. Ruhling, II (VA Bar No. 45822)