# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| NICOLE P. ERAMO ) | |
| ) | |
| Plaintiff ) | Case No. |
| ) | |
| v. ) | |
| ) | **Underlying litigation:** |
| ROLLING STONE LLC, ) | *Eramo v. Rolling Stone, LLC, et al.*, |
| SABRINA RUBIN ERDERLY, and ) | Case No. 3:15-cv-00023-GEC, in the |
| WENNER MEDIA LLC, ) | United States District Court for the |
| ) | Western District of Virginia |
| Defendants. ) | |

**NICOLE ERAMO'S OPPOSITION TO NON-PARTY RESPONDENT'S MOTION TO TRANSFER PLAINTIFF'S MOTION TO COMPEL PRODUCTION**

## INTRODUCTION

Respondent "Jackie's" November 20, 2015 Motion to Transfer Plaintiff's Motion to Compel Production [Dkt. 6] ("Motion") should be seen for exactly what it is: a blatant and transparent stall tactic filed for the sole purpose of further delaying Jackie's compliance with a valid and proper subpoena. As set forth in great detail in Nicole Eramo's November 13, 2015 Memorandum of Law in Support of her Motion to Compel Nonparty Respondent Jackie's Compliance with Rule 45 Subpoena [Dkt. 2] ("Motion to Compel Brief"), "Jackie" is a crucial witness in the underlying defamation action pending in the United States District Court for the Western District of Virginia because she voluntarily decided to tell a demonstrably false story to a reporter for a prominent national magazine that resulted in the publication of a false and defamatory article — an article that destroyed Plaintiff Nicole Eramo's well-earned reputation as a fierce advocate for victims of sexual assault. Dean Eramo served Jackie's counsel with the subpoena months ago, and Jackie has since stalled, delayed, and finally asserted the indefensible position that she will not produce *any documents whatsoever* in response to the subpoena.

The instant Motion is simply another attempt to delay a reckoning on Jackie's untenable position, and it provides no basis for transferring Dean Eramo's Motion to Compel to another court. Federal Rule of Civil Procedure 45 expressly requires that the proponent of a motion to compel compliance with a subpoena file that motion in the subpoenaed nonparty's home district in order to protect the nonparty from the burden of litigating the motion in the court where the underlying action is pending. It permits — but does not require — transfer of the motion to the issuing court *only if the party issuing the subpoena requests such a transfer and the nonparty consents to it*, and it does not even contemplate a situation where the nonparty would insist on a transfer of the motion away from her home district over the objection of the party issuing the

1

subpoena. Jackie's Motion does not articulate any reason why she would want to do so, and the unusualness of Jackie's request merely serves to underscore that the real aim of the Motion is procedural gamesmanship and further delay. Because Dean Eramo has not requested a transfer and no exceptional circumstances exist to warrant one, the Motion to Compel should be heard in this Court without further delay.

## COUNTERSTATEMENT OF FACTS

The essential facts regarding the subpoena are largely set forth in the Motion to Compel Brief. Dean Eramo served Jackie's counsel with the subpoena on July 27, 2015. (Mot. to Compel Br. at (Ex. A) [Dkt. 2-1]). At the request of Jackie's counsel, counsel for Dean Eramo generously granted numerous extensions of time for Jackie to serve a response to the subpoena, which under Rule 45 should have been due in 14 days. On October 14, 2015, Jackie's counsel finally served objections to the subpoena. (Oct. 14, 2015 Third Party Objections and Responses to Pl.'s First Set of Requests for Prod. of Documents (Mot. to Compel Br. at (Ex. C) [Dkt. 2-3]).) Jackie objected to the subpoena in its entirety and indicated that she did not intend to produce any documents at all. *Id*.

On October 30, 2015, counsel for Dean Eramo responded by letter, explaining in great detail why each category of documents requested was highly relevant to the defamation action and why Jackie's objections lacked merit. (Oct. 30, 2015 Letter from T. Clare to P. Pustilnik (Mot. to Compel Br. at (Ex. D) [Dkt. 2-4]).) In the spirit of cooperation, however, Dean Eramo offered to confer in good faith regarding the subpoena. In a series of subsequent telephone calls, counsel for Dean Eramo attempted to confer with Jackie's counsel regarding the scope of the subpoena. Counsel for Jackie sought to delay the filing of the Motion to Compel, but at no time

during those conversations, or in any other correspondence, has Jackie ever agreed to produce even a single document in response to the subpoena. (Mot. to Compel Br. at 8.)

On November 13, 2015, Dean Eramo filed a motion to compel in this Court as required by Rule 45 because Jackie resides in the Eastern District of Virginia and compliance with the subpoena was thus required in this district. Jackie's counsel thereafter sought to delay the hearing on the Motion to Compel, and Dean Eramo filed an Amended Notice of Hearing, delaying the hearing by an additional two weeks. (*See* Nov. 19, 2015 Amended Notice of Hearing Regarding Nicole Eramo's Mot. to Compel Nonparty Respondent "Jackie" to Comply with Subpoena [Dkt. 4].) A week after the Motion to Compel was filed, Jackie filed the instant Motion, requesting that rather than hear the Motion to Compel as scheduled, this Court transfer the Motion to Compel to the United States District Court for the Western District of Virginia. By the time of the hearing on the Motion to Compel and the instant Motion — both set for December 4, 2015 — over four months will have passed since the service of the subpoena, without a single document being produced.

## ARGUMENT

Jackie has not provided any valid reason why transfer of Dean Eramo's Motion to Compel away from her home district, where it was required to be filed, is warranted. The Court should deny the Motion to Transfer and adjudicate the Motion to Compel as scheduled, for three reasons. ***First***, the text and comments to Federal Rule of Civil Procedure 45(f) make clear that the Court ***may*** transfer a motion to compel to the court where the underlying action is pending ***if*** the party issuing subpoena requests such a transfer, and ***if*** the subpoenaed nonparty subsequently consents to that request. *See* Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013). Dean Eramo has not requested a transfer of her Motion to Compel and is eager to have it heard without

3

further delay. Because there was no request for a transfer and thus nothing to "consent" to, the Rule provides no authority to transfer Dean Eramo's Motion to Compel. ***Second***, in the absence of agreement between the parties, the proponent of a transfer must demonstrate "exceptional circumstances" requiring that the motion be transferred. Fed. R. Civ. P. 45(f). Jackie has made no effort to identify any applicable exceptional circumstances, and none are present here. And ***third***, even if a transfer were possible in the absence of an agreement between the parties, Rule 45's guidance that the Court "may" transfer the Motion to Compel plainly grants the Court discretion to transfer or retain the motion. Because this is a straightforward Motion to Compel of the type the Court sees every Friday, because Jackie and her counsel are located in or near this district, and because further delay caused by a transfer would greatly prejudice Dean Eramo, the Court should decline to transfer the Motion to Compel and should hear argument on December 4 as scheduled.

***First***, Jackie argues that transfer of a Motion to Compel is permitted where the subpoenaed nonparty "consents" to transfer. *See* Mot. at 2-3. Jackie then argues that because she is affirmatively requesting transfer, that should end the inquiry. *Id*. at 3. However, Jackie's argument suffers from a facial deficiency, which is that she has not given "consent" to transfer — nor can she — because Dean Eramo has not made any request that she so consent.

Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), a serving party must move for an order compelling compliance with a subpoena in the district where compliance was required — here, the Eastern District of Virginia, where Jackie resides. The court then may transfer the motion to the court where the underlying litigation is pending, "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). This provision is a recent addition to the Rule (2013 Amendment). The Advisory Committee Notes

make clear that the purpose of these two provisions is to ensure that nonparties can attain "local resolution of disputes about subpoenas," rather than having to litigate in the foreign district where the case is pending. Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013). The Rule and Notes further contemplate that occasionally the party serving the subpoena will want the court presiding over the main action to hear it. However, because the motion must be filed in the court where compliance is required, the additional step of transfer is only permitted if the subpoenaed nonparty consents to a request to transfer, or if the proponent of transfer can demonstrate "exceptional circumstances" in the absence of consent. Fed. R. Civ. P. 45(f).

Here, Dean Eramo has not moved for a transfer or requested that Jackie consent to a transfer. In the absence of such a request, there is nothing for Jackie to "consent" to. "Consent" does not mean the unilateral request of one party; rather, it is defined as "[a] voluntary yielding to what another proposes or desires; agreement, approval, or permission regarding some act or purpose." BLACK'S LAW DICTIONARY (10th Ed. 2014). This definition is fully consistent with the language and spirit of Rule 45, which plainly contemplates a situation in which the ***serving party*** proposes or moves for transfer, and the nonparty then consents to that request.

Notably, Jackie fails to cite a single published decision from any jurisdiction in which a transfer was granted based upon a unilateral request by the nonparty over the serving party's objections.[1] Moreover, although she concedes that the Rule uses the term "consent," Jackie very pointedly never makes the explicit claim that her Motion represents "consent." *See generally* Mot. Rather, she frames her Motion multiple times as a "request" for transfer. *See* Mot. at 1, 2, 4. This deliberate wording is an implicit acknowledgment of the rhetorical awkwardness of calling her position "consent" to transfer when Dean Eramo has not made any motion, proposal,

---

[1] Jackie's Motion cites only one unpublished case for this proposition. (*See* Mot. at 3, *citing San Juan Cable LLC v. Dish Network LLC*, No. 14-261, 2015 WL 500631 (D. Colo. Jan. 23, 2015).)

or request for her to consent to. Because Jackie cannot "consent" to transfer in the absence of a request that she do so, Rule 45 provides no basis for the Court to transfer the Motion to Compel to another district.

***Second***, absent agreement of the parties, the Court is only permitted to transfer the Motion to Compel if Jackie demonstrates the existence of "exceptional circumstances" warranting transfer. Fed. R. Civ. P. 45(f). Jackie has made no argument that any exceptional circumstances are present here. Her only argument in favor of transfer is that the forum court may be more familiar with the underlying case. *See* Mot. at 3-4. However, because Rule 45 contemplates that a subpoena requiring compliance outside the forum district will ***always*** be filed in a district other than where the main action is pending, this is plainly not an "exceptional" circumstance. *See, e.g., Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 15-MC-94003-TSH, 2015 WL 5934760 (D. Mass. June 18, 2015); *see also* Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013) (advising that, "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."). Jackie has not met her burden of demonstrating exceptional circumstances, and therefore cannot meet the standard for transfer of her Motion in the absence of agreement between the parties. *See CMB Expert, LLC v. Atteberry*, No. 3:14-mc-51-B-BN, 2014 WL 2197840, *1 (N.D. Tex. May 27, 2014) (the proponent of transfer bears the burden of demonstrating exceptional circumstances).

***Finally***, even if the Court accepts Jackie's erroneous claim that a transfer can be granted based upon her unilateral request, the Court should exercise its discretion and decline to transfer Dean Eramo's Motion to Compel. The plain language of Rule 45 states only that a Court "may" grant a transfer, whether based on consent or exceptional circumstances. Fed. R. Civ. P. 45(f). It is axiomatic that the use of the word "may" in a rule or statute signals that the action is merely

permissible rather than mandatory, and that the discretion to act or not act lies with the Court. *See, e.g., United States v. Strissel*, 920 F.2d 1162, 1163 (4th Cir. 1990) (the use of "may" in Federal Rule of Evidence 1006 indicates that the decision is within the court's discretion and does not require any action*); United States v. Meredith*, 824 F.2d 1418, 1423 (1987) (use of "may" in a rule is permissive language indicating the court has discretion); *Chattanooga Wholesale Antiques, Inc. v. Rossville Bank*, 930 F.2d 458, 463 (6th Cir. 1991) (the use of "may" in a statute "indicates a rule of discretion rather than a mandatory requirement.").

Here, there is ample reason for the Court to decline to transfer the Motion to Compel. The Motion to Compel is a straightforward discovery dispute that does not require any particular expertise of the forum court.[2] It has been briefed and set for a hearing, and despite all the pre-filing correspondence, Jackie's counsel never indicated a preference for the Western District until she filed the instant Motion a full week after Plaintiff filed the Motion to Compel. *See St. Jude Med. S.C., Inc. v. Janssen-Counotte*, No. 3:15-mc-00099-SI, 2015 WL 2359568, *12-13 (D. Oregon May 18, 2015) (rejecting a nonparty's belated attempt to consent to transfer of a motion to compel on grounds of fairness and efficiency). Given that some four months have passed without Jackie and her counsel agreeing to produce even a single document, it appears that the only possible reason for seeking transfer is the hope that this will result in a reset briefing schedule in the Western District and further delay before a decision on the Motion to Compel. The fact that Jackie (and Dean Eramo) could locate only a single unpublished decision even addressing a situation where the subpoenaed nonparty sought to transfer a motion to compel away from her home forum over the serving party's objections demonstrates that Jackie's request is highly unusual. The peculiarity of her request only serves to underscore the likelihood that

---

[2] To date, Chief Judge Conrad has not addressed any motions to compel and no disputed discovery motions have been filed in the underlying case.

delay, rather than efficiency, is the motivating factor for this Motion. Dean Eramo's and Jackie's counsel will be before the Court on December 4, and there is simply no logical reason why Dean Eramo should not receive a timely adjudication of her Motion to Compel on that date.

## CONCLUSION

For the foregoing reasons, Nicole Eramo, Plaintiff in the case of *Eramo v. Rolling Stone LLC, et al.*, No. 3:15-cv-00023-GEC, currently pending in the United States District Court for the Western District of Virginia, respectfully requests that the Court deny the instant Motion to Transfer and issue an order directing Jackie to comply with the Subpoena.

Dated: November 25, 2015          Respectfully submitted,

By: */s/ Thomas A. Clare*
Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com

*ATTORNEYS FOR PLAINTIFF NICOLE ERAMO*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Nicole Eramo's Opposition to Nonparty Respondent's Motion to Transfer Motion to Compel Production was served on the below counsel on November 25, 2015, via ECF (for those attorneys that have registered), or by email and Federal Express (for those attorneys that have not).

    Billy B. Ruhling, II
    DimuroGinsberg, P.C.
    1101 King Street, Suite 610
    Alexandria, VA 22314
    Telephone: (703) 684-4333
    Email: bruhling@dimuro.com

    Pat A. Cipollone
    Rebecca R. Anzidei
    Philip J. O'Beirne
    Stein Mitchell Cipollone Beato & Missner LLP
    1100 Connecticut Avenue N.W., Suite 1100
    Washington, D.C. 20036
    Telephone: (202) 737-7777
    Fax: (202) 296-8312
    Email: pcipollone@steinmitchell.com
    pobeirne@steinmitchell.com
    Email: ranzidei@steinmitchell.com

    Palma Pustilnik
    Staff Attorney
    Central Virginia Legal Aid Society
    1000 Preston Avenue, Suite B
    Charlottesville, VA 22903
    Telephone: (434) 327-1443
    Fax: (434) 296-5731
    Email: palma@cvlas.org

    *Attorneys for Nonparty Respondent "Jackie"*

    Michael John Finney
    William David Paxton
    Gentry Locke Rakes & Moore
    P.O. Box 40013
    Roanoke, VA 24022-0013
    Telephone: (540) 983-9373

Telephone: (540) 983-9334
Fax: (540) 983-9400
Email: finney@gentrylocke.com
Email: paxton@gentrylocke.com

Elizabeth A. McNamara
Samuel M. Bayard
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340
Email: lizmcnamara@dwt.com
Email: samuelbayard@dwt.com

Alison B. Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248 Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC,
Sabrina Rubin Erdely, and Wenner Media LLC*

Dated:  November 25, 2015          By: */s/ Thomas A. Clare*_____
                                       Thomas A. Clare