IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| NICOLE P. ERAMO ) | |
| ) | |
| ) | |
| *Plaintiff*, ) | Case No. 3:15-mc-00011-GEC |
| ) | |
| v. ) | |
| ) | |
| ROLLING STONE LLC, *et al.* ) | |
| ) | |
| *Defendants*. ) | |

**NON-PARTY RESPONDENT'S REPLY IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL FILING**

Plaintiff Nicole Eramo's recent Response to Respondent's Supplemental Filing [Dkt. 29] continues her misguided effort to resuscitate her own claims by re-victimizing Respondent, a former student whom she counseled. This case, which Dean Eramo claims began as an effort to rehabilitate her reputation as a protector of sexual assault victims, has now, through Dean Eramo's statements in support of this motion, become the best example to date of exactly the calloused behavior that she was accused of by Rolling Stone and that she argues was defamatory. Dean Eramo's requests are defective as a matter of law, as they seek evidence that is irrelevant to her claims, and to which she is not legally entitled.

Dean Eramo's arguments have been addressed at length in Respondent's prior filings, which are incorporated here. However, a partial additional response is warranted to highlight the plain fact that, far from helping Dean Eramo's positions, her most recent filing confirms the points made by Respondent and defeats Dean Eramo's arguments.

Above all else, Dean Eramo's recent filing continues her troubling treatment of Respondent and should be of concern to sexual assault survivors everywhere. In fact, at least

1

one prominent group that advocates for victim's rights, upon reviewing Dean Eramo's filings, has raised serious concerns. The National Organization for Women recently stated in an open letter:

> Your dean's demands recite nearly every false argument made to undermine victims of sexual assault. It is exactly this kind of victim blaming and shaming that fosters rape culture, re-victimizes those brave enough to have come forward, and silences countless other victims. It is deeply disturbing to see what UVA students are now witnessing: A senior University official, whose job was to counsel and support rape survivors, publicly attacking one such survivor in court filings. We do not see how students who experience sexual assault at UVA will be able to trust University officials tasked with protecting them if this conduct is allowed to continue.
> . . .
>
> We understand that UVA has made real efforts to change its policies and procedures, and more broadly its campus culture, in order to address the need to better protect victims in your community. This is a step forward and we are encouraged by these efforts. But Dean Eramo's court filings against "Jackie" represent a massive step backward. Surely, if rape survivors at UVA see that they cannot report their trauma or seek help without risking this kind of attack by University officials, your efforts to provide equitable educational opportunities to women is rendered meaningless.

Ex. A, National Organization for Women Open Letter to UVA President Teresa A. Sullivan. Rule 412 and the other legal protections cited by Respondent were designed to address the urgent need to prevent exactly this treatment of sexual assault survivors. Dean Eramo seeks to ignore these and other important protections afforded to alleged victims of sexual assault, in order to drag Respondent into a case in which she is not a party, and make her ordeal the centerpiece. Dean Eramo's offensive conduct cannot be justified under the Federal Rules and her efforts must fail.

Moreover, Dean Eramo's latest filing is completely unavailing and in fact supports Respondent's arguments in several ways.

***First***, Dean Eramo has confirmed the unreasonableness both of her now abandoned requests and those she continues to press here. Dean Eramo describes the recent desertion of

2

half of her original subpoena as an attempt to be "reasonable." It was no such thing. Rather, it was (as Respondent made clear) a tacit admission of the unsupportable positions she has been taking all along. Dean Eramo made no meaningful effort to narrow her demands during the meet and confer process prior to the filing of the present motion, as evidenced by her decision to file a motion to compel in the EDVA on *every single category in the subpoena*. She made no effort, in any brief filed with that court, or at oral argument, to narrow the scope of the subpoena by a word, day, or document. She only jettisoned a majority of her facially defective requests when her opposition to transfer failed and she was forced to bring the matter before this Court. Dean Eramo also ignores the concession she made in her previous filing that her receipt of documents from other sources "obviates the need" for documents from Respondent.

*Second*, Dean Eramo's filing demonstrates a clear recognition of the problems with her claims as plead, as detailed in Respondent's filings. Plaintiff now heaps characterization upon paraphrase in order to create the perception that her claims center around the details of Respondent's assault or every statement made in the article. This is simply not the case and Dean Eramo makes no real effort to demonstrate otherwise. Tellingly, Dean Eramo avoids quoting her claims directly, relegating the discussion of her actual claims – which are the only alleged justification for discovery – to a footnote. Because that is what her claims have become: a footnote to her efforts to obtain overbroad and entirely irrelevant discovery that is ancillary to those very claims.

*Third*, and most glaring, Dean Eramo's brief totally ignores the reality that the discovery she seeks cannot be justified under the Rule 26 factor assessing "the importance of the discovery in resolving the issues." Ignoring the conclusions of the Department of Education Office of Civil Rights, Dean Eramo continues to claim that it was somehow Rolling Stone's alleged argumentative opinions in the article about mishandling informal reports of sexual assault that

3

"had a devastating effect on Dean Eramo's hard-earned reputation as a fierce advocate for victims of domestic and sexual abuse." Pl. Resp. to Supp. at 7. In fact, contrary to Plaintiff's insistence on the centrality of Respondent, in order to prevail in this case, what Dean Eramo will actually have to disprove is that it was a systemic failure to protect victims, including Dean Eramo's own actions as detailed by the OCR, that had any such a "devastating effect."

What is tragic about this case is that Dean Eramo apparently believes she can rehabilitate her reputation by attacking a student she herself counseled and whom she referred to support groups and additional counseling following her report of sexual assault. Even more so are the claims by Dean Eramo that Respondent brought this on herself, when Dean Eramo is well aware that it was a UVA employee that referred Defendant Erdely to Respondent in the first place.

## CONCLUSION

For the reasons stated herein and in the briefs previously submitted by Respondent, Respondent respectfully request the Court deny Plaintiff's motion in all respects.

Dated: January 7, 2016

Respectfully submitted,

*/s/ Philip O'Beirne*
Rebecca R. Anzidei (VA Bar No. 46436)
Philip J. O'Beirne (VA Bar No. 71956)
STEIN MITCHELL CIPOLLONE BEATO
  & MISSNER LLP
1100 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
Tel: 202-737-7777
Email: ranzidei@steinmitchell.com

Palma E. Pustilnik (VA Bar No. 73337)
CENTRAL VIRGINIA LEGAL AID
SOCIETY
1000 Preston Avenue, Suite B
Charlottesville, VA 22903
Tel: (434) 327-1443
Email: palma@cvlas.org

4

Steven D. Rosenfield (VA Bar No. 16539)
Jeffrey Fogel (VA Bar No. 76345)
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 Tel
434-220-4852 Fax

*COUNSEL FOR RESPONDENT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Respondent's Reply in Opposition to Plaintiff's Supplemental Filing was served on the below counsel on January 7, 2016, via ECF and email.


Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
*COUNSEL FOR PLAINTIFF NICOLE ERAMO*


                                                      */s/ Philip O'Beirne*
                                                      Philip J. O'Beirne (VA Bar No. 71956)